FÉLIX FELICIANO MORALES, Plaintiff and Appellant, v. ANTONIO ROIG, SUCRS., S. en C., ET AL., Defendants and Appellees.

No. 8037. Argued May 3, 1940.—Decided May 8, 1940.

*Burset & Pérez Pimentel* for appellant. *F. González Fagundo* for appellees.

M̈r. Justice De Jesús delivered the opinion of the court.

This is an appeal from a judgment for defendants in an action for damages which the plaintiff alleged were suffered by him when defendants destroyed certain plants growing on a building lot leased by him from José and Julia María Guzmán Pérez. It appears from the evidence that about 1934 José and Julia María Guzmán Pérez leased to plaintiff a certain building lot in the city of Humacao for $2 a month; that the plaintiff planted the plot of ground to plantains, bananas, peas, etc., but did not live on the lot, as there was no building thereon; that in 1935 the lot was sold by its owners to the partnership Antonio Roig, Successors (S. en C.) by deed No. 72 of July 26, 1935, before notary Francisco González Fagundo, and that upon execution of said deed the defendant partnership occupied the lot and built thereon shortly after a house, for which it became necessary to destroy the plantain and banana plants; that the defendant partnership never heard that the plants in question belonged to the plaintiff, it appearing from the plaintiff's evidence that the latter heard that the defendant partnership was destroying the plants and building on the lot without filing a claim in connection with the alleged rights; that the house in question, once finished, was sold by the partnership to codefendant Eulogia Guzmán de Roig. One of the witnesses for defendant testified that the plaintiff was not occupying the building lot at the time mentioned in the complaint inasmuch as he had long before delivered the same to the lessors; but this question of fact was not passed upon at all by the trial judge.

Upon this evidence and that relating to the amount of the alleged damages, the lower court dismissed the action, without imposing costs.

The plaintiff appealed and the only error assigned is that the judgment is contrary to law and to the evidence.

■■ To our judgment this case comes within the purview of sections 1357 and 1439 of our Civil Code, 1930 ed., which read as follows:

"Section 1357.—The vendor must deliver the thing sold in its condition at the time of the completion of the contract.

"All the fruits shall belong to the vendee from the day on which the contract was perfected.

"Section 1439.—With regard to third persons, leases of real property, which are not duly recorded in the registry of property, shall be of no effect."

As the lease herein has not been recorded, it was ineffective, under section 1439, *supra,* as against the partnership which unquestionably was a third party; and as according to section 1357 the purchaser is entitled to receive the thing sold in the condition in which it was at the time of perfecting the contract and acknowledges to such purchaser its right to the fruits, and as the defendant did not hear, nor was there any reason for thinking, that such plants belonged to the plaintiff who, as already stated, failed to notify the defendant when the destruction of the plants began although said plaintiff was aware of it, we can not find any legal provision on which the plaintiff can rely for his action against the partnership.

No evidence was produced against the codefendant. It only appears from the record that she bought the property after the house had been built.

The right of action, if any, in the plaintiff in the instant case would be against the vendees who, notwithstanding the lease—if there was any in force—sold the property without any reservation in favor of the lessee.

The case of *Iturrino v. De Jesús,* 31 P.R.R. 71, is not applicable in the present case. In the above case the plaintiff occupied the property and alleged to be the owner thereof,

and the defendant, who likewise alleged to be its owner, entered the same and cut down certain trees and also committed other acts charged against him, all of which without the knowledge of the then possessor. It was therein held:

". . . . If a person has possession of a property and another believes that he is its owner, the latter's remedy is not to enter upon and take possession of it, but to bring the corresponding action to obtain a declaration of his right and evict the unlawful possessor. Section 448 of the Civil Code provides that every possessor has a right to (be) respected in his possession."

In the case at bar, as we have already seen, the defendant partnership, as purchaser, occupied the property, both symbolically and materially, without any objection on the part of the plaintiff who was not living on the property, nor did he ever mention to the defendant partnership prior to the taking of possession his alleged right to the lot in controversy.

Section 279 of the Code of Civil Procedure is not applicable to the instant case either, for such section deals with the cutting down of wood, underwood, tree or timber, etc., within the property belonging to somebody else or on public land or highway of a city or village, etc.

We desire to call attention to the fact that under the law on costs in force (section 327, Code of Civil Procedure), as amended in 1936 (Act No. 69, Sess. Laws of 1936, p. 352), no discretion is allowed to the trial court regarding the imposition of costs, it being mandatory to tax them against the defeated party; but as in the instant case the appellee failed to appeal from such pronouncement, we refrain from making that which otherwise we might have made.

From the foregoing, the appeal shall be dismissed and the judgment appealed from affirmed.